■ In the Matter of the Claim of MARTHA ROBINSON, Respondent, against MERGENTHALER LINOTYPE Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of compensation allowing death benefits to the widow of a deceased employee. Decedent was employed as a packer in the employer's factory. During the course of his employment he fell and struck his head on a concrete floor. He died within a few minutes after the fall from a subdural hemorrhage in the brain accompanying a fractured skull. The board found that his fall was an accident arising out of his employment. Appellants contend that his fall was caused by a heart condition which had nothing to do with his work. There is some feeble medical testimony to the effect that decedent might have been unconscious at the time he fell, but the board could have rejected that conclusion on the basis of testimony from a coemployee who said decedent tried to grab a table before he fell. A twisted nail was found at the spot where he fell, and the floor at that point was sloping and uneven. In the absence of cogent medical proof that decedent fell because of a heart attack, or some other internal condition, the board was justified in drawing the inference that his fall was accidental, especially in view of the presumption provided in section 21 of the statute. Appellants' claim that the Special Fund was liable in any event for compensation beyond a period of 104 weeks is not sustained by the evidence (Workmen's Compensation Law,

§ 15, subd. 8). It does not appear that decedent was either hired or continued in his employment as a disabled person. The knowledge of the company physician that decedent had heart trouble was nebulous, and based on conversation had with decedent's wife. Decision and award affirmed, with one bill of costs to the Workmen's Compensation Board and the Special Fund to be divided equally. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.